IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID CRAIG COLVILLE,
Inmate No. P56657,
    Plaintiff,

vs.                                  Case No.: 3:15cv436/RV/EMT

SANTA ROSA SHERIFF'S OFFICE,
SANTA ROSA STATE ATTORNEY'S OFFICE,
DEPUTY DAVIS GOODWIN,
ATTORNEY JAY WILLIAMS, and
DETECTIVE MONICA TOOLE,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 5).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule

12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Complaint, the court concludes that facts set forth by Plaintiff fail to

state a claim for relief that is plausible on its face.  Dismissal of this action is therefore warranted.

Plaintiff was an inmate at the Santa Rosa County Jail at the time he filed the complaint but now is incarcerated at Holmes Correctional Institution.  Plaintiff alleges that, while at the jail, he started filing grievances with "internal affairs" at the Santa Rosa County Sheriff's Office, seeking to report on the conduct of officers within that department (ECF No. 1 at 5).  Plaintiff states that he has not received a response to his grievances.  Stating that the Sheriff's Office and the other Defendants should administer the law evenly and not prosecute select citizens, he claims violations of his constitutional rights and demands monetary damages as well as injunctive relief in the form of a federal investigation into the Defendants.

Plaintiff is not entitled to the relief he seeks.  As a private citizen, Plaintiff "has no judicially cognizable interest" in the prosecution of another.  Otero v. United States Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973)); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir. 1988) (private citizen has no constitutional

right to have other citizens, including state actors, criminally prosecuted). Additionally, "the courts are not free to interfere with the discretionary decision of whom to prosecute." United States v. Spence, 719 F.2d 358, 361 (11th Cir. 1983); *see also* Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379–82 (2d Cir. 1973).

To the extent that Plaintiff suggests a claim on his inability to get adequate responses from the prison grievance procedure, that claim is unavailing as well.  No constitutional right is violated simply by the failure to respond to a prison grievance. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Ouzts v. Cummins, 825 F. 2d 1276, 1277 (8th Cir. 1987); Azeez v. DeRobertis, 568 F. Supp. 8 (N.D. Ill. 1982).  A liberty interest does not arise merely from the existence of regulations creating an administrative remedy procedure.  Adams, 40 F.3d at 75; Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam); *see also* Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995) (holding that due process protections are generally not available relative to prison grievances because the their  deprivation does not impose an "atypical and significant hardship" on the inmate); First Assembly of God v. Collier County, Fla., 20 F.3d 419 (11th Cir. 1994) (the violation of a state

statute which mandates only procedure does not ordinarily rise to the level of a due process violation).

Because Plaintiff cannot establish that constitutional relief is available to him under Section 1983, he cannot formulate an actionable claim for relief.

Accordingly, it respectfully **RECOMMENDED**:

1.     That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.     That this dismissal should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

At Pensacola, Florida, this 6th day of July 2016.

>  /s/ *Elizabeth M. Timothy*
>  **ELIZABETH M. TIMOTHY**
>  **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**